UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OTIS R. VERGESON,

      Plaintiff,

vs.                                Case No.  3:10-cv-205-J-MCR

MICHAEL J. ASTRUE, Commissioner of
Social Security,

      Defendant.

_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Application for Attorney's Fee

Under the Equal Access to Justice Act (Doc. 19) filed December 23, 2010.  The

Commissioner filed a response (Doc. 20) on January 6, 2011 in which he indicated he

had no objection to the amount sought by Plaintiff's counsel.[1]  This Application follows

the entry of a Judgment reversing and remanding the decision of the ALJ in Plaintiff's

favor with respect to Plaintiff's claim for benefits.  (Doc. 18).

### A. Eligibility for Award of Fees

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, a party

may recover an award of attorney's fees against the government provided the party

---

[1] The Court notes that Plaintiff's Application fails to contain a certificate as required by Local Rule 3.01(g) indicating counsel for Plaintiff conferred with opposing counsel prior to filing the Application.  Counsel should note that in the future, motions failing to include such a certificate may be stricken or denied for failure to comply with the Local Rules of this Court.

-1-

meets five requirements: (1) the party seeking the award is the prevailing party; (2) the

application for such fees, including an itemized justification for the amount sought, is

timely filed; (3) the claimant has a net worth of less than $2 million at the time the

Complaint was filed; (4) the position of the government was not substantially justified;

and (5) there are no special circumstances which would make an award unjust.  See 28

U.S.C. § 2412(d)(1) and (2).

     1. Prevailing Party

     The Judgment in this case (Doc. 18), entered November 23, 2010, reversed the

final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and

remanded the case for further consideration.  The Supreme Court has made clear that a

plaintiff obtaining a sentence-four remand is a prevailing party.  Shalala v. Schaefer,

509 U.S. 292, 300-02, 113 S.Ct. 2625, 2631-32 (1993).  Accordingly, Plaintiff is the

prevailing party in this case.

     2. Timely Application

     A plaintiff must file an application for fees and other expenses within thirty days

of the "final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  "Final Judgment" is

defined as a judgment that "is final and not appealable."  28 U.S.C. § 2412(d)(2)(G).

Because the Commissioner normally has sixty days in which to appeal, a judgment

typically becomes final after sixty days.  Rule 4(a)(1)(B), Fed.R.App.P.  The plaintiff then

has thirty days in which to file his or her application.  Therefore, an application is timely

filed if done so prior to ninety days after the judgment is entered.  See Shalala, 509 U.S.

at 297-98, 113 S.Ct. at 2629; Jackson v. Chater, 99 F.3d 1086, 1095 n. 4 (11th Cir.

1996).  Here, the Judgment was entered on November 23, 2010, and the Application

was filed December 23, 2010, thirty days later.[2]  Accordingly, the Court finds the

Application was timely filed.

### 3. Claimant's Net Worth

Plaintiff's counsel represents Plaintiff is not excluded from eligibility for an award

under EAJA by any of the exclusions set forth in the Act.  (Doc. 19, ¶5).  Moreover,

there is no contention that Plaintiff's net worth was in excess of $2 million at the time the

Complaint was filed and thus, the Court finds Plaintiff's net worth was less than $2

million.

### 4. Government's Position Not Substantially Justified

The burden of proving substantial justification is on the Commissioner, who must

demonstrate the substantial justification of his position as a whole.  See United States v.

Jones, 125 F.3d 1418, 1420, 1427-31 (11th Cir. 1997).  Therefore, unless the

Commissioner comes forth and satisfies his burden, the government's position will be

deemed not substantially justified.  In this case, the Commissioner does not dispute the

issue of substantial justification, and accordingly, the Court finds his position was not

substantially justified.

### 5. No Special Circumstances

The Court finds no special circumstances indicating an award of fees would be

unjust.

---

[2]  The Court notes the Application was filed before the Judgment became final.  However, as the Commissioner has no objection to the Application, the Court will proceed to rule on the request for fees.

**B. Amount of Fees**

Having determined Plaintiff is eligible for an award of fees under EAJA, the Court now turns to the reasonableness of the amount of fees sought. Plaintiff requests an award of $2,885.44 in attorney's fees, representing 16.5 hours of work at an hourly rate of $174.875 for the work performed on this case. (Doc. 19, p.2). Plaintiff also seeks $350.00 (the amount of the filing fee) in costs. Id.

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour unless the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. §2412(d)(2)(A). The Court accepts Plaintiff's contention that a statutory cost of living adjustment is appropriate to the hourly rate. Because the Commissioner does not oppose Plaintiff's proposed hourly rate of $174.875, the Court will adopt this rate.

The Plaintiff seeks an award based on 16.5 hours of attorney time. The Court believes 16.5 hours of attorney time is reasonable in this case. Therefore, the Court finds $2,885.44 ($174.875 x 16.5 hours) is a reasonable fee in this case. Moreover, Plaintiff will be awarded $350.00 in costs.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED:**

1.    Plaintiff's Application for Attorney's Fee Under the Equal Access to Justice Act (Doc. 19) is **GRANTED**.

2.      The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $2,885.44 for attorney's fees and $350.00 costs.


**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __7th__ day of January, 2011.


_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Counsel of Record